UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TEAMSTERS LOCAL 251 HEALTH
SERVICES AND INSURANCE
PLAN, ET AL.,
PLAINTIFFS

vs. CIVIL ACTION NO. CA05-163T

FLEET CONSTRUCTION, CO., INC.,
DEFENDANT

PRETRIAL ORDER - NONJURY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Closure Date. Discovery in this case shall be closed as of 11/30/05 unless otherwise ordered by the Court. Said date, or such other date as the Court may subsequently specify, shall be referred to as the "Closure Date."

2. Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Nothing contained in this order shall excuse a party from its continuing obligation, under the Rules, to update responses to

discovery or to respond to discovery requests made before the Closure Date.

3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before Closure Date. In any event, disclosure shall be made within the times prescribed by Fed.R.Civ.P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

4. Time for Motions. All motions, including motions to amend pleadings, motions for leave to file counterclaims, cross claims or third party complaints, motions to add parties, motions for summary judgment, motions for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the bases for such motions. No motion, other than a motion to modify this Order or a motion to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date.

5. Permitted and Required Memoranda. Every motion and every objection to a motion shall be accompanied by a supporting memorandum. In addition, within 10 days after an objection is filed, the proponent of the motion may file a reply memorandum.

No other memoranda, supplemental memoranda, or reply memoranda shall be filed in support of or in opposition to a motion nor shall any memorandum or other document relating to a motion be filed after a hearing date has been set for the motion unless the Court otherwise orders for good cause shown.

6. Format for Memoranda. Every memorandum shall bear a title identifying the motion in support of or in opposition to which it is filed; shall contain a "Facts" section as described in Subparagraph C; and shall set forth the basis for the motion or objection together with the statute, rule or other provision of law relied upon. Photocopies of all cases and authorities cited shall be included with the memorandum as a separate appendix.

In the case of dispositive motions (e.g. motions to dismiss or for summary judgment) such memorandum shall include in the following order:

A. A table of contents page;

B. A section entitled "Description of Motion" that identifies the movant(s) and the party against whom the motion is directed and that describes the motion and the precise nature of the order or relief sought;

C. A section entitled "Facts" that contains a clear and concise recitation of those facts necessary to

enable the reader to understand what the case is about and the basis for the motion or objection <u>without reviewing other documents</u> (whether those documents are appended to the motion or not);

D. A section entitled "Issues" that contains a numerical listing of the <u>specific</u> issues that the Court will be required to address in ruling on the motion;

E. A section entitled "Points and Authorities" that states and discusses, under separately labeled headings, each argument or contention advanced in support of or in opposition to the motion together with citations to any authorities relied upon.

In addition, motions for <u>summary judgment</u> also shall be accompanied by a Statement of Undisputed Facts that concisely sets forth, in separate numbered paragraphs, all material facts which the movant contends are undisputed and that entitle the movant to judgment as a matter of law. An <u>objection</u> to a motion for summary judgment shall specify which, if any, of the material facts cited by the movant are genuinely disputed. The party opposing the motion also shall set forth, in separate numbered paragraphs, any additional facts that it contends precludes summary judgment.

Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the page and line of any document to which reference is made.

Documents shall be submitted with a motion and/or memorandum only if the contents of the document are disputed and necessary to decide the motion and, then, only to the extent that references to specific portions of said documents are made in the accompanying memorandum.

Motions and memoranda also shall comply with any additional requirements set forth in the Local Rules.

7. Page Limits. Memoranda of law, appendices, exhibits, and any other documents filed in connection with motions shall comply with the page limits set forth in Amended General Order 2002-01, a copy of which is attached. For purposes of that general order, any documents (other than memoranda of law or statements of undisputed fact filed in connection with summary judgment motions) that are filed in connection with a motion shall be deemed appendices and/or exhibits regardless of how they are denominated.

8. Prerequisites to Filing Motions for Summary Judgment.

No motion for summary judgment may be filed until counsel proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and the utility of the proposed motion. The matters that

<u>counsel should be prepared to address at that conference shall include: the nature of the proposed motion; the "undisputed" facts upon which it is based; how many of the counts and/or issues the motion would resolve; whether and to what extent the non-moving party contests the motion and the "undisputed" facts asserted and whether the matters in question can be resolved more simply, less expensively and more expeditiously through a trial. Prior to requesting such a conference, counsel for the proponent shall inform opposing counsel of the nature of the proposed motion and the "undisputed" facts upon which it is based. Counsel for the opponents shall inform counsel for the proponent whether, and to what extent, they oppose the motion and dispute the "facts" upon which the motion is based. Such discussion shall be initiated by counsel that proposes to file the motion who, by requesting a conference, will certify that he or she has complied with the provisions of this paragraph</u>.

9. <u>Addition of Parties</u>. If any party is added to the case after the date of this Order, it shall be the duty of counsel responsible for adding such party to <u>promptly</u> serve a copy of this Order upon such party or its counsel. This Order shall be binding upon such party unless subsequently modified by the Court, at the request of such party, or, otherwise.

10. <u>Duty to Confer</u>. Within 20 days after the Closure Date, counsel for all parties shall confer and make a diligent, good

faith effort to settle the case. Such effort shall include the presentation of a demand by each claimant of the terms it would accept in satisfaction of its claim and the presentation of an offer by each party against whom a claim is made of what it is willing to tender to resolve such claim. If such effort is unsuccessful, counsel shall, at that time, make a diligent, good faith effort to:

A. Identify those facts that are disputed.

B. Identify those documents that they intend to offer as evidence at trial and stipulate as to the admissibility and/or authenticity of such documents.

C. Take whatever action is appropriate to narrow and simplify the issues, avoid unnecessary proof, and expedite trial of the case.

It shall be the duty of plaintiff's counsel to initiate this conference, and it shall be the duty of other counsel to respond promptly. If any counsel is unable to obtain the cooperation of any other counsel, it shall be his or her duty to immediately communicate that fact, in writing, to the Court.

11. Pretrial Filings. Within 60 days after the Closure Date, each party shall file a Pretrial Memorandum.

Prior to the commencement of trial each party shall submit to the Court and to opposing counsel a Supplement to the Pretrial

Memorandum containing a Witness List and Exhibit List together with an Exhibit Book as described in paragraph 16.

Failure to submit any pretrial filing on or before the due date may result in the imposition of sanctions and/or the exclusion of any evidence that should have been disclosed in a timely submission.

12. The Pretrial Memorandum shall not exceed 25 pages in length and shall consist of the following sections:

A. Parties - a list of all parties and their trial counsel.

B. Facts - a concise recitation of the relevant facts that the party filing the Memorandum is relying upon and/or intends to prove at trial.

C. Claims and Defenses - a brief statement of each claim for relief and/or defense asserted by the party filing the Memorandum. Any claim or defense not included shall be deemed waived.

D. Damages - a brief and specific description of the nature, extent and amount of all damages claimed by the party filing the Memorandum together with a description of the manner in which such amount was calculated.

E. Issues - a numbered list of the factual and legal issues (including any anticipated evidentiary

questions) that must be resolved in order to adjudicate the case.

F. Arguments and Discussion - a concise statement of the arguments made in support of each claim and/or defense described in paragraph 9C and a discussion of the issues referred to in paragraph E together with citations to the authorities relied upon. Copies of any statutes, opinions, or other authorities cited shall be submitted with the Memorandum.

G. Pending Matters - a list and description of any motions pending or contemplated, any special issues appropriate for determination in advance of trial, and any other matters that counsel believe ought to be considered by the Court prior to trial.

H. Estimated time of trial - Counsel's precise estimate of the time required to present his or her evidence and the time required to litigate the entire case.

Any claims, defenses and/or arguments not included in the pretrial memorandum shall be deemed waived whether or not they are contained in the pleadings.

13. Supplement to Pretrial Memorandum. The Supplement to the Pretrial Memorandum shall consist of the following sections:

A. Witnesses List - a list of all witnesses whose testimony the party filing the list intends to present at trial (indicating whether such testimony will be live or by way of deposition) and concise statements of the subjects of their testimony.

B. Exhibit List - A list of all exhibits that the party filing the Supplement intends to offer at trial. The list should sufficiently describe the exhibit and include the date on which it was created. In addition, 1-2 lines of space should be provided between each exhibit to permit the Court to make brief notes with respect to the exhibit. The following format is illustrative:

| **Identification** | **Full** | **Exhibit Number** | **Description of Exhibit** |
|---|---|---|---|
| | | 1 | 3/22/96 letter from John Doe to Mary Smith |
| | | 2 | 7/10/96 purchase agreement between X Corp. and Richard Roe |
| | | 3 | 9/1/96 photo of 101 Elm St. |

Before submitting their respective lists, counsel should confer to eliminate duplication (i.e., exhibits that appear on both lists) to the maximum extent possible.

14. Exhibit Books. A party's Exhibit Book shall consist of copies of those documents and/or photographs set forth on its exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B, etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a number (e.g. A1, A2, A3). After the letters of the alphabet have been exhausted, Defendant's exhibits shall be marked with double letter designations (e.g. AA, BB, CC).

Failure to timely file a witness list and/or exhibit list or to include a witness or exhibit may be grounds for excluding from evidence the witness or exhibit not disclosed.

15. Trial. This case shall be in order for trial at any time after the date fixed for filing pretrial memoranda. Once the case is placed on the Court's trial calendar, counsel should be prepared to proceed upon 24 hours notice. It is the duty of counsel to maintain contact with the calendar clerk to ascertain the status of the case from time to time.

16. Use of Recorded Testimony or Evidence at Trial. Counsel for any party proposing to read or play, during trial, evidence that has been previously recorded (e.g. depositions, tape recorded conversations) shall:

A. At least 10 days prior to trial confer with opposing counsel in an effort to reach agreement as to how such material may be edited to eliminate portions that contain irrelevant or otherwise inadmissible material so that the jury and the Court will not be required to listen to evidence that is not helpful in determining the pertinent facts.

B. At least one week prior to trial, file a transcript of the proffered evidence which shall be highlighted as follows:

1. The portions that all counsel agree should be read or presented shall be highlighted in yellow.

2. The portions that the proponent proposes to read or present but that are objected to shall be highlighted in red.

3. The portions that any other party wishes to have read or presented but to which the proponent objects shall be highlighted in green.

It shall be the responsibility of counsel for any party objecting to the manner in which recorded testimony or evidence has been edited to express such objection to the proponent at the conference referred to in subparagraph A so that the highlighted transcript referred to in subparagraph B is complete and accurate.

Any failure by counsel for the proponent to comply with his or her obligations under this paragraph may constitute grounds for excluding the proffered evidence. Any failure on the part of other counsel to comply with their obligations under this paragraph may be deemed a waiver of their objections to the proffered evidence.

BY ORDER,

B. A. Jun
Deputy Clerk

ENTER:

Ernest C. Torres
Ernest C. Torres
United States District Judge
Date: 10/21/05

ptononjur.wpd
rev. August 20, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMENDED GENERAL ORDER #2002-01

General Order #2002-01 is hereby amended to read as follows:

The filing of memoranda of law shall be governed by the provisions of Local Rule 12(a) and, also, by the following provisions:

Number and Filing of Copies

1. The only memoranda that may be filed are a memorandum in support of the motion or other matter to which it relates, a memorandum in opposition, and a reply memorandum. No other memoranda may be filed without prior leave of the Court.

2. Unless permitted by the Court, for good cause shown, memoranda in support and memoranda in opposition shall not exceed 10 pages; or, in the case of motions to dismiss and motions for summary judgment, 20 pages. Reply memoranda shall not exceed 5 pages. Any request to exceed these page limits shall be in the form of a motion, but the proposed memorandum shall not be filed unless and until the request is granted.

3. All memoranda shall be filed in triplicate. The original shall be retained in the Court file, along with the motion or other document to which it relates. The two copies of the memorandum shall be transmitted by the clerk directly to the chambers of the judge to whom the case has been assigned along with a copy of the motion or other document to which it relates.

Appendices and/or Exhibits

Unless requested by the Court, appendices and/or exhibits attached to or filed in connection with a motion for summary judgment shall not exceed a total of 20 pages in addition to the statement of undisputed facts required by the Local Rules. The statement of undisputed facts shall not exceed 10 pages. With respect to all other motions, appendices and/or exhibits shall not exceed a total of 5 pages in the aggregate.

Exceptions to Page Limitations

The page limitations on memoranda shall apply to all cases, but the page limitations on appendices and/or exhibits shall not apply to the following kinds of cases where the Court is required to review the record, in its entirety:

1. Administrative appeals such as bankruptcy appeals, Social Security appeals, and IDEA appeals.

2. Cases alleging wrongful denial of ERISA benefits.

In addition, the foregoing page limitations shall not apply to photocopies of statutes, cases, and other authorities. However, if submitted, these materials shall not be filed with the Clerk. Rather, single copies shall be delivered directly to the judge to whom the case has been assigned and they shall be packaged together and clearly labeled with the name and number of the case, the identity of the party submitting them, and the title of the motion or other matter in that case to which they relate.

Prohibited, Prejudicial, or Confidential Material

1. Counsel shall make every effort to refrain from including in any motion, memorandum, or other document to be filed with the Court any statements or material the public disclosure of which would violate the provisions of Local Rule 39, Rule 3.6 of the Rhode Island Rules of Professional Responsibility, or a criminal defendant's right to a fair trial under the Sixth Amendment of the United States Constitution.

2. If a motion, memorandum, or other document to be filed with the Court clearly contains material described in the preceding paragraph; but, counsel proposing to file it believes, in good faith, that the inclusion of such material is necessary to properly state counsel's position with respect to an issue before the Court, counsel shall contemporaneously file a motion to seal the motion, memorandum, or other document. If counsel is uncertain as to whether a motion, memorandum, or other document to be filed with the Court contains material described in the preceding paragraph, counsel shall not file it until 5 days after it has been served upon opposing counsel in order to afford opposing counsel an opportunity to file a motion to seal.

Motions to Seal

A motion to seal shall be accompanied by the document(s) sought to be sealed and a written memorandum not exceeding 5 pages which sets forth the basis for seeking an order to seal. Upon receipt of a motion to seal and the supporting memorandum, the clerk shall docket the items received and transmit them immediately to the chambers of the judge to whom the case has been assigned. Any opposition to the motion to seal likewise shall be docketed and transmitted to the judge to whom the case has been assigned.

If the Court grants the motion to seal, all documents sealed shall be placed in an envelope and a copy of the Court's order shall be affixed thereto. The sealed envelope and its contents shall be retained by the clerk in a secure location until such time as the Court vacates or amends the order to seal. If the Court denies the motion to seal, the document shall be placed in the Court file in accordance with this Order and the Local Rules.

SO ORDERED, this __________ day of January, 2003.

Ernest C. Torres
Chief U.S. District Judge

Mary M. Lisi
U.S. District Judge

William E. Smith
U.S. District Judge

Ronald R. Lagueux
Sr. U.S. District Judge